# In the United States Court of Federal Claims

No. 22-1711C
(Filed: May 15, 2023)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CEDRIC GREENE, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **OPINION AND ORDER**

Plaintiff Cedric Greene, proceeding *pro se*, brings claims arising from allegedly unfair actions by the United States District Court for the Northern District of California, where Plaintiff has had other litigation pending. *See* Complaint (ECF 1). The government has moved to dismiss under RCFC 12(b)(1).[1] The motion to dismiss is **GRANTED**.

The Tucker Act limits this Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — to specific types of claims, most commonly claims for money damages. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true

---

[1] *See* Mot. to Dismiss (ECF 10); Pl.'s Resp. (ECF 16); Def.'s Reply (ECF 17). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Plaintiff has filed a "Motion for Leave to File New Litigation" (ECF 13), which is **DENIED AS MOOT** because this Court lacks jurisdiction over the present case. This Court, in this case, cannot grant or deny leave to Mr. Greene to file another complaint raising different claims, although it bears emphasis that all claims in this Court must comply with the Court's Rules and be within the Court's jurisdiction. *See, e.g.*, 28 U.S.C. § 1500 (precluding this Court from exercising jurisdiction over "any claim for or in respect to which the plaintiff or his assignee has pending in any other court or process against the United States"). Plaintiff's "Clarification Motion and Free Age[nc]y Request" (ECF 15) is **DENIED AS MOOT** for the same reason. Plaintiff's reply in support of his motion for leave, received on February 17, 2023, and his request for judicial notice, received March 17, shall be **FILED BY MY LEAVE**, but are **DENIED** to the extent they request any relief.

all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements*." Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Plaintiff fails to allege any claim over which this Court might exercise jurisdiction. Plaintiff's claims, as mentioned, go to the conduct of a federal district court. This Court does not have jurisdiction to review the decisions of district courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (explaining that the Court of Federal Claims "does not have jurisdiction to review the decision of district courts and cannot entertain … claim[s] that require[ ] the court to scrutinize the actions of another tribunal") (internal quotes omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts … relating to proceedings before those courts"). Review of the district court's handling of Plaintiff's claims lies in the United States Court of Appeals for the Ninth Circuit.

Even if this Court did have jurisdiction to review the district court's decisions, Plaintiff characterizes the district court's alleged misconduct as "negligence," a tort claim outside this Court's jurisdiction. *See* 28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993); *cf. Tort*, *Black's Law Dictionary* (11th ed. 2019). Plaintiff's opposition to the motion to dismiss mentions the Fourteenth Amendment's Privileges or Immunities, Due Process, and Equal Protection Clauses. Pl.'s Resp. at 3. This Court lacks jurisdiction over claims based on those constitutional provisions because they do not mandate payment of money. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process and Equal Protection Clauses); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (same); *Wall v. United States*, 141 Fed. Cl. 585, 598 (2019) (Privileges or Immunities Clause). Even with due allowance for Plaintiff's *pro se* status, he has not identified any factual or legal basis for recovery over which this Court might have jurisdiction.

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice.").

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz  
STEPHEN S. SCHWARTZ  
Judge